Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL 27 PM 2: 49

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

ANTONIO C. MENDOZA, III, dba
TONY'S WORKSHOP,

                    Plaintiff,

       vs.

AOC FURNITURE,

                 Defendant.

) CASE NO. CV1030-11
)
)
) **FINDINGS OF FACTS AND**
) **CONCLUSIONS OF LAW**
)
)
)
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III for a bench trial on March 5, 2012. Attorney William Pole represented Plaintiff, Antonio C. Mendoza III, dba Tony's Workshop. Defendant was given notice of the trial date, but did not appear. The Court now issues its Findings of Facts and Conclusions of Law.

## FINDINGS OF FACT

Having heard testimony and upon consideration of the evidence, the Court finds the following facts by a preponderance of the evidence:

1.  Plaintiff entered into a contract with Defendant to provide construction improvements on a government project and Defendant served as the general contractor. No evidence of a written contract was offered in evidence.

2. Plaintiff provided Defendant with materials and labor and completed the work agreed to by the parties.

3. Plaintiff provided Defendant with an Invoice for all work as agreed by the Parties.

4. Defendant agreed to pay Plaintiff the sum of $18,124.63 for Plaintiff's services.

5. Defendant submitted various payments to Plaintiff, but there remains outstanding and unpaid a total of $11,624.63.

6. Defendant AOC Furniture failed to respond to discovery and failed to attend either the pretrial conference or trial in this matter, despite the fact that Plaintiff's counsel provided notice of these hearings to Defendant.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this matter under title 7, section 3105 of the Guam Code.

**Attorney's Fees:**

2. Plaintiff requests attorney fees in the amount of $4,470 dollars. Under Guam law, courts apply the American Rule with respect to attorney fees. *Fleming v. Quigley*, 2003 Guam 4 ¶ 7. "Under the American Rule, parties bear their own litigation expenses, including attorney's fees." *Id.* (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247, 95 S. Ct. 1612, 1616 (1975); *Guam Radio Servs. v. GEDA*, 2000 Guam 23 at ¶ 9). However, there are several exceptions to the American Rule whereby fee shifting is allowed: "The exceptions to the American rule include where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-

established equitable circumstances." *Id.* (citing *Young v. Redman*, 128 Cal. Rptr. 86, 91 (Ct. App. 1976)). In this case, Plaintiff apparently alleges that attorney fees are authorized by a contract. Plaintiff did not, however, present any evidence of a contract provision allowing for payment of attorney fees in this case. The only evidence offered by Plaintiff was an Invoice, which included a fine print provision at the bottom of the document suggesting that in the instance the invoiced party failed to remit timely payment, that party may incur costs and fees. (Pl.'s Complain, Exh. B) But this unsigned Invoice does not constitute a contract between the parties and the fees provision is unenforceable as to the Defendant. As such, Plaintiff is not entitled to the claimed attorney's fees.

**Interest Rate:**

3. Plaintiff seeks to enforce an "interest penalty of 2% per month" until the date of judgment. Like the provision for attorney fees, this interest penalty is also provided for in the fine print of the Invoice sent to Defendant. In support of its claim that this penalty is enforceable, Plaintiff looks to title 18, section 47106 of the Guam Code, which states:

> The rate of interest upon the loan or forbearance of any money, goods, or things in action, or on accounts after demand or judgment rendered in any court of the territory, shall be six percent (6%) per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding the rates of interest specified in Title 14 of this Code.

Again, Plaintiff apparently suggests that the interest provided for on the Invoice constitutes an enforceable contract provision pursuant to section 47106. As this Court has already noted, there is no evidence that the unsigned Invoice represented a contract entered into by the parties. Furthermore, this interest provision clearly constitutes a "penalty" rather a liquidated damages provision allowing for reasonable interest. In contract law, penalties are generally not enforceable, and liquidated damages are enforceable only in limited circumstances. Title 18, section 88103 of the Guam Code provides:

> **§ 88103. Contract Fixing Damages.**
>
> Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

18 GCA § 88103. And section 88104 provides:

> **§ 88104. Exceptions.**
>
> The parties to a contract may agree therein on an amount which shall be presumed to be the amount of damage sustained by a breach thereof; when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage.

18 GCA § 88104. Based on the fact that there is no evidence of a contractual agreement between the parties regarding an alternative interest rate, and general policy against enforcing penalties in contract cases, this Court will not order payment of interest at two percent monthly from June 4, 2010, until the date of judgment as requested by Plaintiff. However, as this case involves quantifiable damages, Plaintiff is, nevertheless, entitled to prejudgment interest.

20 GCA § 2110; *Duenas v. George and Matilda Kalingal P.C.*, 2012 Guam 4 (citing *U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1140 (9th Cir.2011)

## Punitive Damages:

4. Plaintiff requests punitive damages in the amount of $5,000. However, it is a well-settled that punitive damages may not be awarded for claims arising from a breach of contract. *See* 20 GCA § 2120; Restatement (Second) of Contracts, § 355; *c.f. Sananap v. Cyfred, Ltd.*, 2004 Guam 20 (quoting *Barrie Sch. v. Patch,* 933 A.2d 382, 295 (Md.2007) (Bell, J., dissenting)) ("It is a long-held, and well-settled, general principle of contract law that contract remedies are to be compensatory, not punitive."). As the claim is limited to a breach of contract, Plaintiff is not entitled to punitive damages.

## CONCLUSION

Based on the foregoing, this Court finds that Plaintiff is entitled to an award $11,624.63 plus 6% interest per annum from June 4, 2010 until the amount is paid in full. Judgment shall enter in accordance with these findings and conclusions.

It is **SO ORDERED** this 27th day of July, 2012.

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

JUL 7 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL

-5-